**Richmond**

EDWIN RODRIGUEZ

v.

COMMONWEALTH OF VIRGINIA

No. 0357-92-4

Decided April 26, 1994

278

Counsel

Dominique F. Poirier, Assistant Public Defender (Louise M. Di-Matteo, Senior Assistant Public Defender of Fairfax County, on briefs), for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON A HEARING EN BANC

Opinion

**COLEMAN, J.**—Edwin Rodriguez was convicted by a jury of possession of cocaine with the intent to distribute. In this appeal,

reviewed *en banc* on our motion pursuant to Code § 17-116.02(D), we hold that evidence that Rodriguez had recently engaged in selling cocaine over a period of time and had purchased cocaine for resale the day before his arrest was proof of a course of conduct that was sufficiently related to the charged offense that it was relevant to prove that Rodriguez intended to distribute the cocaine he possessed. Because the probative value of that evidence outweighs any incidental prejudice, we uphold the trial court's ruling that the evidence was admissible.

As to a second evidentiary issue raised on appeal, a majority of the Court holds that Rodriguez did not timely or specifically object to an expert witness's testimony as to a legal issue or, as it is frequently referred to, "an ultimate issue of fact." Because Rodriguez has not demonstrated good cause for having failed to make a timely objection and because consideration of the issue is not necessary to correct a manifest injustice, Rule 5A:18 bars our consideration of the issue for the first time on appeal. Accordingly, we affirm Rodriguez's conviction.

The police executed a search warrant at the apartment of Edwardo Rodriguez, where the defendant, Edwin Rodriguez, was known to reside. The defendant was the only person present at the apartment. In the search of a bedroom, the officers found in a closet and dresser several packages containing 160 grams of cocaine, a black nylon bag containing a set of scales and a pay stub bearing the defendant's name, and $160 in cash. The officers arrested the defendant and charged him with possession of cocaine with the intent to distribute. After his arrest, the defendant told a police officer that he did not want to "take the fall" alone, that he had been selling cocaine for Edwardo Rodriguez for about three months, that he had gone to New York the day before and had purchased four and one-half ounces of cocaine for $2,600, and that he owned the black nylon bag and scales in it, which were for weighing cocaine. He acknowledged that he had twice delivered cocaine to a person who was a police informant, who in turn gave it to an undercover police investigator in Rodriguez's presence. The defendant also told the officer that in exchange for his participation in the drug distribution ring, Edwardo Rodriguez paid his rent and gave him cocaine to smoke.

## I. OTHER CRIMES

The defendant contends that the evidence of two prior drug sales between a police informant and an undercover agent at which he was present was inadmissible and prejudicial.

The police officer testified that the defendant admitted to buying and selling cocaine on two prior occasions, admitted to going to New York the day before to buy drugs, and admitted to his participation in the ongoing drug transactions. We hold that the evidence of the defendant's participation in the two previous sales, when considered with his admissions of an ongoing drug distribution scheme, was relevant and admissible to prove that he intended to distribute the drugs seized from his possession.

■ The rule regarding evidence of other crimes and its exceptions are relatively well settled; the application of the rule, however, is often troublesome. The rule, subject to certain exceptions, excludes evidence of other crimes committed by a defendant, *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970), particularly evidence of unrelated drug sales. *See Donahue v. Commonwealth*, 225 Va. 145, 154, 300 S.E.2d 768, 772-73 (1983); *Eccles v. Commonwealth*, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973); *Boyd v. Commonwealth*, 213 Va. 52, 53, 189 S.E.2d 359, 359-60 (1972). *See also Boyd v. Commonwealth*, 156 Va. 934, 943-44, 157 S.E. 546, 549 (1931); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). Evidence of other crimes or other bad acts is excluded to protect an accused "against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt." *Sutphin*, 1 Va. App. at 245, 337 S.E.2d at 899 (citing *Fleenor v. Commonwealth*, 200 Va. 270, 274-75, 105 S.E.2d 160, 163 (1958)). Unfair prejudice occurs if the fact finder is permitted to infer that, because an accused has previously committed a crime — even a similar crime to that charged — the accused has a propensity to commit crime, or a particular type of crime and, therefore, committed the crime for which he or she is being tried. *Wilson v. Commonwealth*, 16 Va. App. 213, 220, 429 S.E.2d 229, 233, *aff'd en banc*, 17 Va. App. 248, 436 S.E.2d 193 (1993).

■ The many exceptions to the rule are as well established as the rule itself. *Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805. Specifically, other crimes evidence is admissible where it shows

the conduct and feeling of an accused toward his victim or establishes their prior relationship; where it proves motive or opportunity to commit the crime charged; where it proves an element of the crime charged; where it proves intent or guilty knowledge on the part of the accused or negates good faith or the possibility of mistake or accident; where it proves the identity of the accused as the one who committed the crime charged by showing criminal acts so distinct as to indicate a *modus operandi*; and where it demonstrates a common scheme or plan of which the crime charged is part. *See Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805; *Boyd*, 156 Va. at 944, 157 S.E.2d at 549-50; *Sutphin*, 1 Va. App. at 245-46, 337 S.E.2d at 899-900. Thus, in order to be admissible under one of the exceptions, evidence of other crimes must tend to prove a material fact and its probative value "must outweigh the prejudice inherent in proving that an accused has committed other crimes." *Wilson*, 16 Va. App. at 220, 429 S.E.2d at 234. Evidence that one accused of possessing a controlled substance with intent to distribute it has, on a prior, recent occasion sold a controlled substance, is not, standing alone, admissible to prove that on a later occasion, the accused possessed the same kind of substance with intent to distribute it. *Id.* at 223, 429 S.E.2d at 235. Evidence of a prior drug sale has probative value only when it is related to and tends to prove a material fact or issue of the charged offense. *See id.*

Evidence that the defendant had recently engaged in buying and selling drugs and had gone to New York to buy drugs for resale was admissible because the jury could reasonably infer from it that the defendant had acquired the cocaine when in New York the day before in order to resell it in Virginia. His practice of traveling to New York, buying cocaine, returning to Virginia and selling it was a continuing enterprise manifesting a singular scheme or plan. The last New York purchase was so recent as to be almost contemporaneous with his possession of the cocaine found in his apartment. From the sequence of events, the jury reasonably could have inferred from the defendant's admissions after his arrest that he was explaining that the cocaine found in his apartment was part of that which he had purchased the day before in New York and that he intended to sell it, as was his practice. Thus, the evidence that he had recently purchased and sold cocaine on two prior occasions, although evidence of other crimes, was highly relevant because it tended to confirm that he

was involved in a continuing enterprise of buying and selling cocaine and, therefore, that he possessed this cocaine intending to distribute it.

The fact that the defendant previously had sold cocaine on two recent occasions would not be admissible without further evidence linking the sales to the cocaine which he possessed on this occasion. *See Wilson*, 16 Va. App. at 223, 429 S.E.2d at 235. His statement to the police describing his ongoing enterprise of buying and selling cocaine provides the link between the two sales and the possession of the cocaine with which he was charged.

■ The fact that evidence of other crimes is relevant does not end the inquiry as to whether it was admissible. In order for relevant evidence, which has prejudicial aspects, to be admissible, its probative value must outweigh its prejudice. *See Woodson v. Commonwealth*, 16 Va. App. 539, 540, 431 S.E.2d 82, 83 (1993). By its very nature, evidence of other crimes is prejudicial; however, where its probative value is significant, the evidence is admissible even though prejudicial influences may be present. *See Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805. The prejudicial effect of the evidence of other crimes was limited by the instructions of the court to the jury. The trial court instructed the jury that it could consider the evidence of the other offenses "only as evidence of the defendant's intent and for no other purpose." The instruction limited the jury's use of the evidence to that which was permissible and prohibited its use for any other purpose. The instruction, thus, diminished the likelihood of any impermissible use of the evidence and, in turn, minimized any undue prejudice from it. *See Woodson*, 16 Va. App. at 541, 431 S.E.2d at 83.

■ The probative value of evidence that the defendant recently engaged in a course of buying and selling cocaine was significant to prove that he intended to sell the cocaine on this occasion. Intent is a subjective state of mind, and proof of it is ofttimes difficult. Frequently, it must be proved by circumstantial evidence alone. *Parks v. Commonwealth*, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980), *cert. denied*, 450 U.S. 1029 (1981). One may generally infer, however, that a person intends his deliberate acts. *Campbell v. Commonwealth*, 12 Va. App. 476, 483-84, 405 S.E.2d 1, 4 (1991). Evidence of what the defendant recently did as part of a plan or scheme of which the cocaine he possessed was

a part is the best available evidence of what he intended to do with the cocaine.

The trial court, after weighing the limited prejudice to the defendant from the evidence of other crimes against the significant probative value it had to the prosecution, did not err by concluding that the probative value outweighed the prejudice. We conclude that the trial court did not err by admitting evidence that the defendant had sold drugs on two prior occasions. In view of the evidence relating the sales to the ongoing scheme of selling drugs, the evidence was relevant and admissible to prove the defendant's intent to distribute the cocaine.

## II.  CONTEMPORANEOUS OBJECTION TO EXPERT TESTIMONY

At trial, the Commonwealth called Investigator William Wolfe, an experienced narcotics agent, to testify as an expert witness on drugs. Investigator Wolfe had not been involved in the investigation or search pertaining to the defendant. Defense counsel objected "to the admission of his testimony . . . [because] he will testify as an expert *as to what all of these items found in the house mean . . .* and . . . whether or not there was an intent to distribute here . . . [which is] going to pre-empt the jury's determination of fact . . . whether there was an intent to distribute." (emphasis added). In response, the Commonwealth's attorney represented to the court that Wolfe's testimony would be limited to the relationship of scales, and Inositol and other cutting agents to the distribution of cocaine and the street value of the drug. Based upon this brief sidebar hearing, the trial judge ruled that if properly qualified as an expert, Wolfe's avowed testimony would be relevant and admissible to prove that the defendant possessed the cocaine with the intent to distribute it.

When the prosecutor thereafter formally proffered Wolfe to the court as an expert, the trial judge inquired whether defense counsel objected, to which counsel replied, "No, Your Honor, not to that. Although I would say that my objection still stands, if that's okay." Without further objection, Wolfe then testified in detail in accordance with the prosecutor's earlier avowal to the court. However, the final questions put to Wolfe during direct examination departed from this avowed testimony:

Q. Investigator Wolfe, in your expert opinion, how much cocaine does one use for personal use?

A. A half gram, maybe a gram in a day, for a heavy user.

Q. For a heavy user? In your expert opinion, if an individual would have a hundred sixty grams of cocaine, would that be for personal use?

A. No Ma'am.

Q. What would that use be for?

A. That would be for distribution use.

The final question to Wolfe was improper, and the answer inadmissible, because it was an opinion by an expert witness going to the ultimate issue of fact before the jury. Wolfe was giving his opinion as to whether a person situated as the defendant intended to distribute cocaine. *See* Code § 8.01-401.3; *Llamera v. Commonwealth*, 243 Va. 262, 264-65, 414 S.E.2d 597, 598-99 (1992).[1] Defense counsel did not object, however, when the prosecutor asked the questions, when Wolfe responded, or at any time thereafter.

█ It is well established that we will not consider an issue on appeal for which no specific contemporaneous objection was made in the trial court. Rule 5A:18. The contemporaneous objection rules, Supreme Court Rule 5:25 and our Rule 5A:18, have consistently been applied to hold that a trial judge does not commit reversible error by allowing objectionable evidence to be presented where counsel fails to make a timely and specific objection. The primary purpose of requiring timely and specific objections is to afford the trial judge a fair opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. *Reid v. Baumgardner*, 217 Va. 769, 773, 232 S.E.2d 778, 780 (1977). "[I]t shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court

---

[1] *Llamera* had not been decided when the defendant's case was tried; therefore, the holding as it applied to this specific inquiry was not available to trial counsel or the judge. However, the principle was well established that a witness may not invade the jury's province by testifying or giving an opinion as to an ultimate issue of fact that the jury must decide. *See* 2 Charles E. Friend, *The Law of Evidence in Virginia* § 17.3 (4th ed. 1993).

The previous question and opinion evidence as to whether 160 grams of cocaine would have been for personal use were not an impermissible question and answer and are not at issue. *Davis v. Commonwealth*, 12 Va. App. 728, 732, 406 S.E.2d 922, 924 (1991).

the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384(A).

Here, defense counsel did not object to Wolfe's opinion testimony that one who possesses 160 grams of cocaine does so for distribution purposes. The only objection that counsel arguably made was when Wolfe was first called as a witness, and that objection went to Wolfe's testimony as an expert because it would "pre-empt the jury's determination of fact . . . whether there was an intent to distribute." When the Commonwealth's attorney explained the scope of Wolfe's proposed testimony, the trial judge ruled that such evidence would be relevant and admissible. This was the only time that the trial judge was called upon to rule on the testimony, and that ruling addressed the evidence as avowed by the prosecutor and was correct. Later, when the prosecutor departed from this avowed line of questioning and pursued inadmissible testimony, defense counsel did not object, and the trial judge was not called upon to rule on the admissibility of that subsequent evidence.

Defense counsel's initial objection to Investigator Wolfe's testimony cannot be considered a contemporaneous objection to the later testimony which departed from the Commonwealth's avowed evidence and upon which the judge ruled. The earlier objection fails to satisfy either requirement of the contemporaneous objection rule with respect to the inadmissible testimony: first, the objection was not made when the improper evidence was offered and was not timely; second, when made, the objection was not sufficiently specific to inform the trial judge that the objection was to any particular evidence or testimony that Wolfe might give. To the contrary, the objection was to Wolfe being allowed to testify generally about drugs and whether the scope of his testimony was competent.

Without a contemporaneous objection by counsel to the particular evidence in issue, the trial judge cannot be expected to intervene *ex mero motu* to exclude it. For us to rule that the objection was sufficient to address the evidence that departed from that avowed and upon which the court ruled would impose upon trial judges the untenable responsibility of continually monitoring a witness's testimony throughout the course of trial.

We do not disapprove of the well established practice of allowing counsel to make a continuing objection to a related series of questions in order to avoid the necessity of repetitious objection. However, where evidence is introduced that departs from that avowed to the trial court and upon which the trial court ruled, the responsibility to contemporaneously object rests with counsel, not the trial judge.

Because we find no good cause for the defendant having failed to make a contemporaneous objection, we will not disregard the imprimatur of Rule 5A:18. *Mounce v. Commonwealth*, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). Accordingly, we are barred by Rule 5A:18 from reviewing the question of the admissibility of the expert's final testimony.

*Affirmed.*

Willis, J., Elder, J., Bray, J. and Fitzpatrick, J., concurred.

Baker, J., concurring in result, joined by Moon, C.J., and Willis, J.

While I join with the majority in affirming appellant's conviction, I respectfully cannot concur with its finding that, for the prior sales of cocaine to be admissible, "further evidence linking the sales to the cocaine which he possessed on this occasion" must be shown. This appears to be what some refer to as the "same stash" rule for which I have found no authority.

Moreover, I find the majority's reference to the "unfair prejudice" rule to be misleading as it fails to discuss the relevance of that rule to the corresponding portions of *Spencer v. Commonwealth*, 240 Va. 78, 393 S.E.2d 609 (1990), and *Scott v. Commonwealth*, 228 Va. 519, 323 S.E.2d 572 (1984). The following language from *Scott* is, in my judgment, relevant to this case:

Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty

of other offenses.

*Scott*, 228 Va. at 526-27, 323 S.E.2d at 577. To show that admissibility of "other crimes" evidence is not as limited in application as it appears to be in the majority's "unfair prejudice" rule, the following language from *Spencer* is also relevant:

Evidence of other crimes is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime.

*Spencer*, 240 Va. at 89, 393 S.E.2d at 616.

"Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is relevant, and if otherwise admissible, should be admitted."

*Id.* at 90, 393 S.E.2d at 616 (quoting *Harrell v. Woodson*, 223 Va. 117, 122, 353 S.E.2d 770, 773 (1987)).

"Other crimes" evidence bearing sufficient marks of similarity to the case on trial to establish the probability of a common perpetrator is, therefore, usually relevant.

*Id.* at 90, 393 S.E.2d at 616-17.

For these reasons, I concur in result only with the majority's opinion.

Barrow, J., dissenting, joined in part by Benton, J.

An objection "is sufficient . . . if 'at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objections to the actions of the court and his grounds therefor.'" *Campbell v. Commonwealth*, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc); *see* Code § 8.01-384.

The defendant's objection to the police investigator's testimony was sufficient. Before the investigator testified, the defendant's counsel objected to the proposed testimony because she anticipated that the expert would testify concerning the significance of the cocaine found and that this testimony would "pre-empt the jury's determination of fact . . . which is whether there was an

attempt to distribute." The trial court overruled the objection without limiting the scope of the officer's testimony. After the officer described his qualifications, defense counsel reiterated to the court that her "objection still stands." The trial judge acknowledged her objection, and the witness was allowed to testify.

The defendant's objection met the requirements of Code § 8.01-384. The defendant made "known to the court . . . his objections . . . and his grounds therefor" immediately before the witness testified. The trial judge understood the objection and overruled it. The grounds stated at trial for the objection are those now stated on appeal. Rule 5A:18 does not bar us from considering this issue on appeal.

The majority concludes that the trial court correctly overruled the objection based on the prosecutor's proffer of what the investigator's testimony would be. I disagree.

The prosecutor's proffer did not limit the content of the investigator's proposed testimony to "the relationship of scales, and Inositol and other cutting agents to the distribution of cocaine and the street value of the drug," as the majority describes. In addition to those matters, the prosecutor proffered that the investigator "would testify to . . . personal use, what is heavy, what a person that uses cocaine by themselves — what they would use approximately." Accordingly, the witness testified that 160 grams of cocaine would not be for personal use but would be for distribution. That inadmissible testimony, in my opinion, was within the scope of the prosecutor's proffer.

Furthermore, the trial court did not limit the scope of the witness's testimony to that proffered by the prosecutor. Instead, after having had an opportunity to rule intelligently on the issue, the trial court overruled the objection. If the trial court intended to overrule the objection only with respect to that testimony described by the majority, it should have said so. Otherwise, the defendant's counsel, having timely brought the objection to the court's attention, was entitled to rely upon the court's ruling.

This decision puts in jeopardy a practice followed by many trial lawyers. Often, "[t]o avoid the need for repeated objections to a particular line of questioning, a lawyer may be able to make an early motion *in limine* or otherwise obtain a ruling that a single

objection applies to the entire line of questioning." Ellis J. Horvitz, *Protecting Your Record on Appeal*, 4 Litigation 35 (Winter 1978).

Defense counsel did this. First, out of the presence of the jury and before the witness testified, she stated her objection and the grounds for it. Next, after the trial court had overruled the objection without any qualification, she reiterated the objection. While acknowledging the witness's qualification, she said, "I would say that my objection still stands, if that's okay." The trial court, apparently agreeing, responded, "I understand." This Court's ruling ends this practice by requiring a lawyer to raise an objection repeatedly before each question, even after receiving an adverse ruling addressed to the entire testimony.

The defendant's objection to the testimony of the police investigator was, in my opinion, sufficient, and we should consider the propriety of that ruling on appeal. I agree with the majority that the testimony was inadmissible; therefore, I would reverse the conviction and remand the proceeding for a new trial.[2]

Benton, J., dissenting.

I join in the dissent of Judge Barrow concerning the sufficiency of the objection, but I do not join in the footnote in his opinion. For the reason stated in Judge Barrow's dissenting opinion, I would reverse the conviction and remand for a new trial. In addition, however, I would also hold that because Rodriguez was only indicted for the drugs he possessed on August 15, 1991, the trial judge erred in admitting evidence that Rodriguez was present during drug transactions on August 2, 1991, and August 5, 1991.

By a motion *in limine*, Rodriguez sought to bar the Commonwealth from proving that on August 2 and August 5 he was present during a transaction in which an undercover police officer purchased cocaine. The Commonwealth opposed the motion on the ground that those prior criminal events proved that Rodriguez was "involved in the commercial venture of selling illicit narcotics." The Commonwealth sought to establish from proof that Rodriguez distributed cocaine at those times the inference that Rodriguez intended to distribute the cocaine that was seized from

---

[2] I concur with the majority for the reasons it states that the trial court did not err in admitting into evidence the defendant's admissions regarding other crimes.

his apartment on August 15. The trial judge ruled that the prior offenses were admissible to prove intent to distribute.

The evidence at trial proved that on August 15, 1991, the police entered an apartment with a search warrant. Rodriguez opened the door to admit the police. During the search, the police seized several packages of cocaine and a weighing scale. Following the seizure on August 15, Rodriguez made oral statements to a police officer concerning the seized cocaine. The officer testified:

> [Rodriguez] told me that he had been selling cocaine for Edwardo . . . for approximately three months; that he had traveled and has traveled up to New York and usually goes up there once every week or so and bought cocaine on, . . . August 14th, purchased 4.5 ounces for $2600 from a friend.

Rodriguez further stated that when he returned to Virginia after making the purchase on August 14 he helped Edwardo weigh the cocaine and add Inositol to downgrade the purity of the cocaine.

Over Rodriguez's objection, a police officer testified concerning the prior drug transactions. The police officer stated that she arranged to purchase drugs through an informer. On August 2, the informer arrived at a parking lot in an automobile driven by Rodriguez. The informer left Rodriguez's automobile, entered the officer's automobile, gave the officer cocaine, received money from the officer, and returned to Rodriguez's automobile. The same type transaction occurred on August 5.

Rodriguez was not being tried for offenses that arose from those incidents. Moreover, the evidence proved that the cocaine the police seized on August 15 was purchased on August 14. Thus, whatever may have been Rodriguez's intent on August 2 and August 5, it had no nexus to his intent on August 15. The Commonwealth offered the evidence of the two prior incidents to prove that because Rodriguez assisted in the distribution of drugs on those earlier occasions, the drugs Rodriguez possessed on August 15, 1991, were possessed with the intent to distribute. That inference is not permitted. *See Donahue v. Commonwealth*, 225 Va. 145, 154-56, 300 S.E.2d 768, 773-74 (1983); *Eccles v. Commonwealth*, 214 Va. 20, 22-23, 197 S.E.2d 332, 333 (1973); *Boyd v. Commonwealth*, 213 Va. 52, 53, 189 S.E.2d 359, 360 (1972).

In total disregard of *Donahue, Eccles,* and *Boyd,* the Commonwealth's brief fails to discuss their significance. Indeed, the Commonwealth does not deign to cite them in any manner. These three cases are the Supreme Court of Virginia's seminal exposition of the rules governing the admissibility of prior drug offenses to prove intent. Indeed, this Court has applied those cases in refusing to allow evidence of prior drug distributions under circumstances similar to the facts in this case. *See, e.g., Wilson v. Commonwealth,* 16 Va. App. 213, 429 S.E.2d 229, *aff'd en banc,* 17 Va. App. 248, 436 S.E.2d 193 (1993); *Rider v. Commonwealth,* 8 Va. App. 595, 383 S.E.2d 25 (1989).

The majority opinion recites statements that the police officer said were made by Rodriguez after his arrest. Those statements proved that Rodriguez purchased the cocaine that was seized from him on August 15 and that Rodriguez purchased it with the intent to distribute it. The majority opinion acknowledges that Rodriguez admitted to the police that on August 14, the day before the police searched the apartment and seized the drugs, he had gone to New York and purchased the drugs for resale. Rodriguez also admitted that following his return from New York, he assisted in adding Inositol to the cocaine to downgrade its purity. He further admitted that the scales were his and that the cocaine that he had obtained from New York was to be distributed.

The evidence concerning prior sales merely proved propensity to commit the criminal offense. The theory that the two prior sales are admissible as evidence of an "ongoing enterprise" merely creates an exception that heretofore never existed and swallows the rules established in *Donahue, Eccles,* and *Boyd.* No rational basis exists to bar evidence "of a general scheme, of which the crime charged is a part," *Boyd,* 213 Va. at 53, 189 S.E.2d at 360, and, yet, allow such evidence to prove an "ongoing enterprise." Moreover, in view of Rodriguez's admissions, the probative value, if any, of the prior offenses is slight and is clearly outweighed by its prejudicial effect. This case is a factual clone of *Donahue* and ought to be controlled by its holding.

Furthermore, the majority decides this issue upon a matter that was not raised at the trial court and not presented on appeal. No issue was raised in the trial court concerning a "singular scheme or plan." Rodriguez moved the trial judge to bar testimony con-

cerning the specific instances of "two prior allegations of drug distribution." The Commonwealth argued at the pretrial hearing that those two prior events proved "intent to distribute" the cocaine seized on August 15, 1991. The trial judge ruled that the Commonwealth could prove the two separate distributions that occurred on August 2 and August 5, respectively, as evidence of Rodriguez's intent to distribute the drugs seized on August 15, 1991. That ruling is the issue raised on this appeal. That ruling was error.

For these reasons, I dissent.