COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


JOSEPH ANTHONY ROBBINS, SR.
                                          OPINION BY
v.   Record No. 2189-98-4        JUDGE ROSEMARIE ANNUNZIATA
                                       DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                 Carleton Penn, Judge Designate

          Dayton F. Slater, Jr. (Dayton F. Slater,
          Jr., Ltd., on brief), for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Joseph Anthony Robbins, Sr. ("appellant") appeals his

conviction for breaking and entering with intent to commit

assault and battery.  He argues that the circuit court erred in

admitting evidence of his abduction and assault of the victim,

Nate Tilly, two days prior to the date of the offense for which

appellant was convicted.  We find no error and affirm.

                             FACTS

     Upon review, the evidence and all reasonable inferences

which may be drawn from it are viewed in the light most

favorable to the Commonwealth, the party prevailing below.  See

Reynolds v. Commonwealth, 30 Va. App. 153, 156, 515 S.E.2d 808,

809-10 (1999).

In mid-October, 1997, relations between appellant and Nate Tilly began to deteriorate. On an unidentified evening in the middle of the month, appellant discovered Tilly outside the bedroom window of appellant's son, Joe Robbins, Jr. ("Joe"). Tilly was attempting to persuade Joe to sell drugs on Tilly's behalf. Appellant ordered Tilly off his property, and Tilly responded by telling appellant that he "did not know who he was messing with." Subsequently, at some time prior to October 28, appellant discovered that someone had broken into his home, and he suspected Tilly. On October 28, 1997, appellant and Joe found Tilly parked by the side of a highway because of a flat tire. Appellant parked nearby, approached Tilly, produced a knife, and ordered Tilly into appellant's car. As appellant drove from the scene with Tilly in the car, Joe held a seat belt around Tilly's neck, and appellant stabbed Tilly in the leg and threatened him. Subsequently, appellant stopped the car, pulled Tilly out, and began to beat him with a wooden bat. Tilly managed to escape from appellant and run to a nearby house, where he called for help.

This series of confrontations and violence culminated on October 30, when appellant found a gasoline-filled "Molotov cocktail" lying directly in front of the door to his house, caught in a Halloween decoration on the porch. Suspecting Tilly of attempting to firebomb his home, appellant and Joe drove to

the home of Jason Marsten, where they believed they might find Tilly.  Appellant and Joe knocked on the door and demanded to know if Tilly was inside.  After making threatening remarks to the Marstens and two other individuals present, appellant and Joe returned to their car.  They returned almost at once, however, and appellant, armed with a billy club, kicked in the front door while Joe attempted unsuccessfully to kick in the back door.  Seeing that Tilly was not present, appellant again returned to his car, and he and Joe left the scene.

On April 13, 1998, appellant was indicted on a charge of breaking and entering Marsten's home with intent to commit assault and battery.  At the jury trial of the charge, the court admitted, over appellant's objection, evidence that Tilly was abducted and beaten on October 28, and photographs of the wounds Tilly sustained to corroborate the incident.  The evidence was admitted for the purpose of establishing appellant's intent to administer another beating to Tilly on October 30.  In conjunction with the admission of the evidence, the court instructed the jury, inter alia, to

> consider this evidence not for the purpose of punishment or guilt or innocence of the events [of October 28, 1997], but only for the purpose of determining what intent there was, if any, to commit assault and battery on [October 30, 1997].

Appellant was convicted in the Circuit Court of Loudoun County on October 16, 1998.  He contends on appeal that the

- 3 -

admission of Tilly's testimony relating to the events of October 28, 1997, and of the photographs of Tilly's wounds, was improper "prior bad acts evidence" and constituted reversible error.  We disagree.

Under established Virginia law, "'evidence implicating an accused in other crimes unrelated to the charged offense is inadmissible because it may confuse the issues being tried and cause undue prejudice to the defendant.'"  Shifflett v. Commonwealth, 29 Va. App. 521, 529, 513 S.E.2d 440, 444 (1999) (quoting Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998)).  Evidence of such other crimes may be admitted, however, if relevant 1) to prove any element of the offense charged; 2) to show the motive, intent, or knowledge of the accused; 3) to show the conduct and feeling of the accused toward his victim; or 4) to show premeditation or malice.  See id. (citing Satcher v. Commonwealth, 244 Va. 220, 230, 421 S.E.2d 821, 828 (1992)).  Thus, because such evidence is admissible for the enumerated purposes despite the general prohibition against prior crimes evidence, it may be excluded only if the prejudicial effect of the evidence outweighs its probative value, a determination within the trial court's sound discretion.  See Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127, cert. denied, 519 U.S. 887 (1996); Wilkins v.

Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 443 (1994) (en banc).

In the present case, the challenged evidence includes Tilly's testimony concerning the events of October 28, 1997, and the photographs of the wounds he sustained on that date. The evidence was clearly probative of appellant's intent to physically harm Tilly when he forced his way into the Marsten home. Their relationship had become heated and mutually assaultive, and on the date in question, appellant forcibly entered the Marsten home in response to his belief that Tilly had thrown a "Molotov cocktail" at his house.

The Commonwealth's proof of appellant's intent was founded on circumstantial evidence. See Herrel v. Commonwealth, 28 Va. App. 579, 586, 507 S.E.2d 633, 637 (1998) ("Intent may, and usually must, be proven by circumstantial evidence."); Long v. Commonwealth 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989) (intent may be shown by a person's conduct and statements). As such, the Commonwealth had the burden to exclude every reasonable hypothesis of innocence, see Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993), a burden it sought to meet by the admission of the challenged evidence. The evidence was clearly probative. In the absence of the prior crimes evidence, the Commonwealth's proof may not have fully addressed the reasonable hypothesis of innocence

- 5 -

suggested by the evidence, to-wit, that appellant armed himself with the club in self-defense and not with the intent to assault Tilly upon entering the Marsten house.

Evidence that enhances the likelihood of a guilty verdict cannot be deemed, on that sole ground, unduly prejudicial to the defendant. See Barefoot v. Estelle, 463 U.S. 880, 905-06 (1983); Jennings v. Commonwealth, 21 Va. App. 328, 464 S.E.2d 179 (1995) (en banc). In the present case, while the severity of the prior assault on Tilly arguably may have been prejudicial to appellant's case, the prejudice was not undue. See Barefoot, 463 U.S. at 905-06. The jury was "entitled to all relevant and connected facts . . . even [those that] may show the defendant guilty of other offenses." Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 576 (1984); see also Evans v. Commonwealth, 215 Va. 609, 614, 212 S.E.2d 268, 272 (1975) (evidence of prior beatings of victim by accused admitted to prove murder by showing intent to do serious bodily harm, defendant's feelings toward victim, and to establish the events leading up to the victim's death). Finally, any incidental undue prejudice was diminished and minimized by the court's instruction that the jury was to consider the evidence only on the issue of intent. See LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983); Rodriguez v. Commonwealth, 18 Va. App. 277, 282, 443 S.E.2d 419, 423 (1994). In sum, we

find that any incidental prejudice inherent in the evidence of prior crimes was outweighed by its probative value.[1]

For the foregoing reasons, we affirm the conviction.

Affirmed.

---

[1] Appellant also premises his claim of prejudice on "surprise," claiming that he had an alibi defense to the prior crimes charges and was unprepared to address the introduction of such evidence at the trial of the instant offense. He further claims that because he was subsequently found not guilty of the prior offenses, evidence of those offenses should not have been admitted. Neither claim has merit. The former claim was not preserved in the lower court, as appellant failed either to object on these grounds or ask for a continuance to subpoena his alibi witnesses and otherwise prepare to meet the Commonwealth's evidence of prior crimes. See Doan v. Commonwealth, 15 Va. App. 87, 94, 422 S.E.2d 398, 401 (1992); Harward v. Commonwealth, 5 Va. App. 468, 473, 364 S.E.2d 511, 513 (1988). The resolution of the second claim is controlled by Taylor v. Commonwealth, 186 Va. 587, 593, 43 S.E.2d 906, 909 (1947). In Taylor, the Supreme Court upheld the admission of testimony concerning a criminal defendant's prior crime, even though the defendant had already been tried and acquitted of the prior act.