COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, McClanahan and Haley
Argued at Richmond, Virginia


CARLA THORNLEY

                                                    MEMORANDUM OPINION* BY
v.         Record No. 3136-06-2                      JUDGE JAMES W. HALEY, JR.
                                                           JUNE 10, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                            John W. Scott, Jr., Judge

            Shama Farooq (Office of the Public Defender, on brief), for
            appellant.

            Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
            Attorney General; Alice T. Armstrong, Assistant Attorney General
            II, on brief), for appellee.


                                  I.  INTRODUCTION

       Carla Thornley appeals her conviction of third offense petit larceny in violation of Code

§§ 18.2-103 and 18.2-104 by the Circuit Court of the City of Fredericksburg.  On brief, Thornley

argues the circuit court erred in admitting into evidence an order finding she previously violated

probation because (1) a probation violation does not represent a predicate offense for proving a

third violation under the statute, (2) a probation violation order does not represent sufficient

proof of other offenses mentioned within it, and (3) the order created unfair prejudice by

mentioning a prior conviction for drug distribution.  Thornley conceded her second assignment

of error at oral argument, and this makes her first argument irrelevant.  We therefore only

address her third assignment, which we reject.  Accordingly, we affirm.

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## II.  FACTS

We mention only those facts necessary to the disposition of this appeal.

A grand jury indicted Thornley for third offense petit larceny on November 28, 2005. The circuit court held a bench trial on May 12, 2006.

During the trial, the prosecution offered documentary evidence to prove Thornley had prior convictions for larceny.  One document, dated April 5, 2002, was a conviction and sentencing order also for third offense petit larceny.  The other, dated October 20, 1997, was an order finding Thornley violated probation.  This order stated Thornley had convictions for drug distribution and third offense concealment.  Thornley only objected to the admission of the probation violation order.  However, she did not contest the probation order's validity.  The prosecution stated it sought to admit the probation violation order as demonstrating "that she has been convicted of a third offense concealment charge."  The court admitted both documents.

At the conclusion of the trial, the court found Thornley guilty.  The court specifically made this finding based upon the credibility of the witnesses and not upon Thornley's prior offenses.  The court declared:

> It comes down to a matter of credibility.  The matter of credibility has nothing to do with prior offenses and this Courts find [sic], given the testimony of the two employees [who testified for the prosecution] . . . the Court finds that their testimony was consistent in reference to what occurred at the office of this business that night, therefore, based on the finding that the Commonwealth has met its burden of proof, the Court finds Ms. Thornley guilty as charged.

From this conviction, Thornley now appeals.

## III.  ANALYSIS

Due to the nature of our disposition of this case, we first consider Thornley's second assignment of error.  On brief, Thornley contends the probation violation order could not present proof of other offenses listed within it.  However, at oral argument, Thornley conceded the

probation violation order could suffice.  Accordingly, further consideration of this point is unnecessary.

Due to this concession, we necessarily reject her first argument that the circuit court erred in admitting the probation violation order because a probation violation cannot serve as a predicate offense under the statute.  The order could serve as evidence of the prior concealment offense, as the prosecution argued at trial.  This makes Thornley's first argument irrelevant.

Finally, Thornley contends the circuit court erred in admitting the probation order during the guilt phase of the trial in that it caused unfair prejudice by mentioning a prior conviction for drug distribution.  A circuit court has significant discretion in determining the admissibility of evidence, and we review its finding only for an abuse of discretion.  Jones v. Commonwealth, 50 Va. App. 437, 446, 650 S.E.2d 859, 863 (2007).  Evidence of a defendant's unrelated criminal activity is generally inadmissible, and this rule especially applies to unrelated drug distribution.  Rodriguez v. Commonwealth, 18 Va. App. 277, 280, 443 S.E.2d 419, 422 (1994).  However, when a circuit court sits as the finder of fact, it is "presumed to disregard prejudicial or inadmissible evidence, and this presumption will control in the absence of clear evidence to the contrary."  Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (*en banc*) (citation omitted).

We find no error in the circuit court's decision.  The evidence was properly admissible to prove Thornley committed the predicate offense of concealment.  While the evidence regarding drug distribution was inadmissible, the record clearly shows the court did not consider this evidence, as the law presumes.  As quoted above, the circuit court convicted Thornley based on its consideration of the credibility of the witnesses, not Thornley's history with law enforcement.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.