COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


TODD WILLIAM KIRKSEY-WAUGH
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1084-07-4                  JUDGE JEAN HARRISON CLEMENTS
                                                        JUNE 17, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Judge

        Michael C. Sprano (Lopez, Meleen & Sprano, PLC, on brief), for
        appellant.

        Eugene Murphy, Senior Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Todd William Kirksey-Waugh (appellant) was convicted in a jury trial of carjacking, in

violation of Code § 18.2-58.1, and of using a firearm in the commission of a felony, in violation

of Code § 18.2-53.1.[1]  On appeal, he contends the trial court erred in admitting evidence of prior

bad acts and in finding the evidence sufficient to support his convictions.  Finding no error, we

affirm the trial court's judgment and appellant's convictions.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also convicted of grand larceny, in violation of Code § 18.2-95.  He does
not appeal this conviction.

I.  BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003).  So viewed, the evidence established that on November 3, 2005, a man approached an elderly woman as she exited her vehicle in the parking lot at the Greenspring Retirement Village in Springfield, Virginia.  The man pointed a gun in her face and demanded her keys.  She complied, and saw him depart in the vehicle.

On March 21, 2006, Fairfax County Police Detective Steve Needels interviewed appellant about the carjacking that occurred on November 3, 2005.  During the conversation, appellant told Detective Needels that on the day in question, he and his cousin, Vernon Cornish, traveled on the metro to Greenspring where appellant had a job interview.  Appellant also stated that he carried a gun with him that day to Greenspring.  He explained that upon their arrival, he gave the gun to Cornish because "he didn't want to take it to the job interview with him."

Appellant additionally disclosed to Detective Needels that, following his job interview, he and Cornish remained on the Greenspring property.  After observing an elderly woman near her vehicle there, Cornish declared to appellant, "I'm going to get her."  Appellant told Detective Needels that he knew Cornish meant "he was going to rob" the woman.  Almost immediately, appellant saw Cornish confront the woman.  Then he observed her run towards her building and saw Cornish drive away in her car.  Appellant explained to Detective Needels that during the incident, he "just kept walking and saw it happen."  After the incident, appellant joined Cornish, who had parked the car in a different area of the Greenspring complex, and they "went to a building where his friends were working."  Later that evening, they were questioned by police but released because the victim failed to identify either one of them as the assailant.  The next

- 2 -

day, appellant returned to Greenspring, retrieved the keys from where Cornish told appellant he concealed them, and departed in the vehicle.

Asked by Detective Needels if this carjacking was "[his] first time," appellant responded that he and Cornish "had done ten to twenty other carjackings in the District of Columbia on prior occasions." Appellant further described the prior carjackings to Detective Needels, as follows:

> [T]ypically [we] would focus on male victims. This was the first time it was a female.
> How normally it was done, was one person would have a gun. The other person would punch the person in the face. [We] would take low profile cars.

At trial, Fairfax County Police Officer R. Perl testified that he investigated the carjacking at Greenspring on November 3, 2005. That evening, he located appellant and Cornish as two possible suspects found within the vicinity. Upon questioning, they explained they were at Greenspring for employment and claimed they knew nothing about the carjacking.

The jury subsequently convicted appellant of carjacking and using a firearm in the commission of a felony, as a principal in the second degree. This appeal followed.

## II. OTHER CRIMES EVIDENCE

On appeal, appellant contends the trial court erred in admitting evidence that appellant and Cornish had committed "ten to twenty other carjackings in the District of Columbia on prior occasions." We disagree.

Generally, evidence of other crimes or bad acts is inadmissible to prove the accused is guilty of the crime charged. See Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998). Such evidence, however, may be admissible "if introduced to prove an element of the offense charged, or to prove any number of relevant facts, such as motive, intent, agency, or knowledge." Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 234 (1993).

Nonetheless, other crimes evidence not having such "'a causal relation or logical and natural connection'" to the transaction before the court is irrelevant and inadmissible. Guill, 255 Va. at 140, 495 S.E.2d at 492 (quoting Barber v. Commonwealth, 182 Va. 858, 868, 30 S.E.2d 565, 569 (1944)); see also Cooper v. Commonwealth, 31 Va. App. 643, 648, 525 S.E.2d 72, 74 (2000) ("[A] clear nexus must be shown to exist between the two transactions before the evidence may be admitted to establish intent."). Moreover, evidence of prior bad acts will not be admitted if its prejudicial impact outweighs its probative value, a determination which is within the trial court's discretion and one that will not be overturned absent an abuse of discretion. See Robbins v. Commonwealth, 31 Va. App. 218, 222-23, 522 S.E.2d 394, 396 (1999).

In this case, appellant's intent was clearly in dispute. "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). Appellant's hypothesis of the case was that he lacked the requisite intent to have aided and abetted Cornish, explaining that he conveyed the gun to Cornish merely because "he didn't want to take it to the job interview with him." In addition, although appellant admitted that he knew Cornish intended to commit the crimes and remained close enough to observe Cornish carjack the victim, he claimed, nonetheless, that he was an innocent bystander to the events. Consequently, the Commonwealth had the burden to negate his claims by proving appellant, as a principal in the second degree, "shared the criminal intent" of Cornish or "'committed some overt act in furtherance of the offense.'" Washington v. Commonwealth, 43 Va. App. 291, 306, 597 S.E.2d 256, 263 (2004) (quoting Sutton v. Commonwealth, 228 Va. 654, 666, 324 S.E.2d 665, 671 (1985)). Thus, the evidence of the ten to twenty prior carjackings was relevant to the issue of intent.

We also find the required nexus and "'causal relation or logical and natural connection'" existed between the ten to twenty prior carjackings and the present charge. Guill, 255 Va. at 140, 495 S.E.2d at 492 (quoting Barber, 182 Va. at 868, 30 S.E.2d at 569). Those prior offenses involved appellant and Cornish who operated as a team on numerous occasions using a similar weapon to perpetrate carjackings. The nature of the relationship between appellant and Cornish, evident from these prior carjackings, shows that in the present case, they were associated in exactly the same way. Acting in accord with their prior association, appellant brought a gun to a job interview, gave the gun to Cornish to use in the carjacking, accompanied Cornish with full knowledge of Cornish's intent, and remained close enough to observe the crimes making no effort to prevent Cornish from committing the offenses. Furthermore, we agree with the trial court that the probative value of the prior carjackings evidence outweighed the prejudice, especially in light of the limiting instruction.[2] Accordingly, we cannot say admission of the evidence of the prior carjackings was an abuse of the trial court's exercise of discretion.

III. SUFFICIENCY OF THE EVIDENCE

Appellant further contends the trial court erred in finding the evidence sufficient to prove he participated as a principal in the second degree in the carjacking and use of a firearm in the commission of that offense. We disagree.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444

---

[2] The trial court instructed the jury, as follows:

> You may consider evidence that the Defendant committed offenses other than the offense for which he is on trial only as evidence of the Defendant's intent in connection with the offense for which he is on trial and for no other purpose.

(1987). "'In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

To hold the accused accountable as a principal in the second degree, the Commonwealth must prove the accused was "present, aiding and abetting, by helping some way in the commission of the crime." Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). It must be shown that the alleged accomplice committed some overt act of assistance or encouragement or that he shared the criminal intent of the actual perpetrator. Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991). Furthermore,

> "it is certain that proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same."

Pugliese v. Commonwealth, 16 Va. App. 82, 93-94, 428 S.E.2d 16, 25 (1993) (quoting Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942)). "'[W]hether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence. . . .'" Id. at 93, 428 S.E.2d at 25 (quoting Foster, 179 Va. at 100, 18 S.E.2d at 316).

Examining the record with these principles in mind, we find the evidence sufficient to support appellant's convictions as a principal in the second degree. From the evidence, the jury could infer that appellant possessed the same intent that Cornish harbored, that is, to perpetrate the carjacking as the team had previously done on the ten to twenty prior occasions. The jury could find that when appellant brought the gun to Greenspring where he had a job interview and gave Cornish the gun, he intended that Cornish use it to obtain the victim's keys and drive away in her vehicle.

In addition, the jury could reject appellant's theory that he was an innocent bystander to the events. Indeed, appellant admitted to Detective Needels that he knew Cornish intended to carjack the woman and appellant remained nearby observing the crimes. Appellant did not discourage or impede Cornish or attempt to reclaim his gun from Cornish. Appellant did not communicate to Cornish that on this particular occasion, they would not carjack with the gun as they had previously acted together. Moreover, after the incident, appellant rejoined Cornish and, when later questioned by police, appellant lied about the carjacking claiming he knew nothing about it. The next day, he returned to the scene, retrieved the keys from where Cornish told him they would be, and stole the car.

Under these circumstances, the jury could find that appellant aided and abetted Cornish in the commission of the crimes. See Pugliese, 16 Va. App. at 94-95, 428 S.E.2d at 25 (finding the evidence sufficient to convict defendant of murder, as a principal in the second degree, and robbery, where he knew of the perpetrator's criminal intent, did nothing to discourage the perpetrator or report him to authorities, accompanied the perpetrator by remaining in the vehicle during the shooting, waited while the perpetrator dragged the victim to a ditch, took part in the spoils of the crime, personally drove and disposed of the victim's vehicle, and later falsified any knowledge about the crimes). We conclude, therefore, that the evidence is sufficient to support

appellant's convictions for carjacking and using a firearm in the commission of a felony, as a principal in the second degree.

## IV. CONCLUSION

For these reasons, we affirm the trial court's judgment and appellant's convictions.

<u>Affirmed.</u>