# BALDOMERO M. LLAMERA

## V.

# COMMONWEALTH OF VIRGINIA

Record No. 911015

February 28, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

R. *Ramsey Maupin* for appellant.

*Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, the accused seeks a reversal of the judgment and a new trial, contending that the trial court erroneously allowed an expert witness to express an opinion upon an ultimate fact in issue.

Tried by a jury, Baldomero M. Llamera was found guilty of possession with intent to distribute cocaine in violation of Code § 18.2-248, and his punishment was fixed at 15 years in the penitentiary and a fine of $30,000. The trial court (the Circuit Court of Arlington County) sentenced Llamera in accordance with the jury's verdict. In an unpublished opinion, dated June 4, 1991, the Court of Appeals affirmed the trial court's judgment, and we awarded Llamera this appeal.

On July 13, 1988, Ray Harr sought to purchase three ounces of cocaine from Peter Kopf. Kopf, in turn, obtained three ounces of cocaine from Llamera at Llamera's store in Arlington County. Kopf then delivered the cocaine to Harr.

Later that day, Kopf was arrested for possession with intent to distribute cocaine and agreed to assist the police by telephoning Llamera and asking him if he could furnish more cocaine. The next day, Kopf spoke with Llamera on the telephone, and Detective Gary Davis of the Arlington County Police Department listened to the conversation. Kopf told Llamera that he had the money he owed Llamera for the Harr transaction. Kopf also asked Llamera if he had more cocaine. Llamera stated that he did.

Following the telephone conversation, Kopf went to Llamera's store wearing a microphone. Davis and other police officers waited outside the store. After Kopf entered the store, he gave Llamera $3,000 as payment for the cocaine purchased the previous day. The police had furnished the money after recording the various bills. Kopf advised Llamera that he would not need the additional cocaine and left the store.

Davis, accompanied by other officers, then entered the store and executed a search warrant. The police found a bag containing a number of separately packaged plastic "baggies" of cocaine totalling approximately 93 grams. The police also found a triple-beam balance scale and the $3,000 that Kopf had delivered to Llamera. After being advised of his constitutional rights, Llamera told Davis that the cocaine was his and that he used and sold cocaine.

At trial, Davis was qualified as an expert in the sale, distribution, marketing, packaging, and effects of narcotics. Davis opined that the cocaine, as packaged, was "packaged that way for distribution." Davis also testified, over Llamera's objection, that the quantity of cocaine found "would suggest that the owner of the cocaine was a person who sold cocaine," and that such a quantity was inconsistent with personal use.

Llamera contends that the trial court committed reversible error by allowing Davis to express his opinion that a person who possesses 93 grams of cocaine is a person who sells cocaine. This testimony, Llamera asserts, was an opinion upon an ultimate issue of fact and, therefore, invaded the province of the jury. The Commonwealth contends, on the other hand, that the opinion evidence was proper. The Commonwealth reasons that Davis merely stated that such a quantity of cocaine would "suggest" that the owner of the cocaine is a seller of cocaine. Thus, the Commonwealth asserts, Davis's use of the word "suggest" was a qualification, not a statement of fact. We do not agree with the Commonwealth.

We consistently have held that the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the function of the fact finder. *Bond* v. *Commonwealth*, 226 Va. 534, 538, 311 S.E.2d 769, 771-72 (1984); *Cartera* v. *Commonwealth*, 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978); *Webb* v. *Commonwealth*, 204 Va. 24, 33, 129 S.E.2d 22, 29 (1963); *Ramsey* v. *Commonwealth*, 200 Va. 245, 249, 105 S.E.2d 155, 158 (1958). In *Webb*, we stated the following:

[W]hile an expert witness may be permitted to express his opinion relative to the existence or nonexistence of facts not within common knowledge, he cannot give his opinion upon the precise or ultimate fact in issue, which must be left to the jury or the court trying the case without a jury for determination.

204 Va. at 33, 129 S.E.2d at 29 (citations omitted).

In *Ramsey*, an arson case, we held that the trial court erred in allowing an expert witness to conclude, based upon facts stated in a hypothetical question, that the fire was of incendiary origin. This was an opinion on an ultimate issue to be decided by the jury. 200 Va. at 251, 105 S.E.2d at 159.

In *Webb*, the accused was charged with embezzlement. We concluded that the trial court erred in permitting an expert witness to testify that the "effect" of two deposit slips prepared by the accused, which contained unrecorded receipts, was to replace funds converted by the accused to her own use. 204 Va. at 32-33, 129 S.E.2d at 29. This, we said, was an opinion upon "the very issue in this case." *Id.* at 33, 129 S.E.2d at 29.

The accused in *Cartera* was charged with two counts of rape. A physician, who had examined and treated the victims, was permitted to express his opinion that the victims had been raped. 219 Va. at 518, 248 S.E.2d at 785. We held that this was reversible error because "[w]hether rape had occurred was the precise and ultimate issue in the case." *Id.* at 519, 248 S.E.2d at 786.

In *Bond*, the accused was charged with murder. The alleged victim died as a result of a fall from a fourth-floor balcony. 226 Va. at 535-36, 311 S.E.2d at 770. A medical examiner's autopsy report ruled out a suicide and an accident and classified the death as a homicide. *Id.* at 536, 311 S.E.2d at 770-71. We held that the medical examiner's opinion was inadmissible because "[t]he ultimate question was whether the decedent jumped intentionally, fell accidentally, or was thrown to her death." *Id.* at 539, 311 S.E.2d at 772.

■ In the present case, the Commonwealth is required to prove two essential facts, *viz.*, (1) that Llamera possessed the cocaine, and (2) that he did so with intent to distribute. These were the ultimate issues of fact to be resolved by the jury. Even though Davis qualified his opinion by stating that the quantity of cocaine "would suggest" that Llamera was a person who sold cocaine, Davis clearly expressed an opinion upon an ultimate issue of fact.

■ The Commonwealth contends, nevertheless, that even if Davis's opinion was inadmissible, the error was harmless because, without such testimony, "the evidence of the defendant's guilt is overwhelming." We do not think the error was harmless. Our view corresponds with the view we expressed in *Cartera*:

Neither can we agree with the Attorney General that, excluding the disputed testimony, the other evidence against the defendant is so overwhelming that any error in the admission of the testimony is rendered harmless. While the other evidence amply supports the jury's verdicts, the disputed testimony may well have affected the jury's decision. Accordingly, we conclude that the error in admitting the testimony was prejudicial to the defendant.

219 Va. at 519, 248 S.E.2d at 786. *Accord Bond,* 226 Va. at 539, 311 S.E.2d at 772.

Accordingly, we will reverse the order of the Court of Appeals and vacate the judgment of conviction. We will remand the case to the Court of Appeals with direction to remand the case to the trial court for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*