## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Donald Lee Wright

May 27, 1993

Case Nos. (Criminal) 6463, 8336, and 8450

BY JUDGE JAMES H. CHAMBLIN

These cases are before the Court on the Motion to Set Aside Verdict filed by the defendant, Donald Lee Wright, in Criminal No. 8336 and 8450. He stands charged with violation of his supervised probation in Criminal No. 6463. The Court heard evidence on the motion and argument of counsel on May 12, 1993.

For the reasons hereinafter set forth, the motion is denied.

Wright has asserted in his motion a multiple ground attack on the finding, by this judge sitting without a jury on March 26, 1993, of guilt on charges of possession of marijuana with intent to manufacture and possession of a firearm after having been convicted of a felony. The defendant argued without objection by the Commonwealth matters in addition to those set forth in the written motion filed April 19, 1993.

The motion is based on ineffective assistance of counsel and insufficiency of the evidence. Wright was represented by another attorney at trial who is referred to herein as "trial counsel."

### I. *Ineffective Assistance of Counsel*

Wright argues that his former counsel who prepared for and tried the cases on March 26, 1993, rendered him ineffective assistance both in trial preparation and at trial. In his motion, Wright states that he "is dissatisfied with the verdict." No doubt that he is, but such is not the standard to applied. A claim of ineffective assistance of counsel is an attack on the fundamental fairness of proceeding whose result is challenged. *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052

(1984). Under *Strickland*, which is followed in Virginia, *Payne* v. *Commonwealth*, 5 Va. App. 498 (1988), the test for determining effectiveness of counsel is whether counsel's conduct so undermined the proper functioning of the adversary process that the trial cannot be relied on as having produced a just result. There is a two-prong test:

1. The defendant must show that counsel's representation fell below an objective standard of reasonableness. There is a strong presumption of rendering adequate assistance and that all decisions of any significance were made in the exercise of reasonable professional judgment. This is the "reasonableness" prong.

2. An error of counsel, even if professionally unreasonable, does not warrant setting aside a conviction if the error had no effect on the judgment, i.e., but for the unprofessional errors there is a reasonable probability that the result of the proceeding would have been different. This is the "prejudice" prong.

Each alleged error on the part of trial counsel is addressed below.

It may have been trial counsel's first felony trial and he may have spent what Wright's present counsel characterizes as a minimal amount of time preparing for trial, but these do not constitute the errors under the "reasonableness" prong. Even the best trial lawyer had to have had a first case. All defense attorneys do not spent the same amount of time preparing a case. Further, Wright has failed to show why the result would have been different if it had not been his former counsel's first felony trial he handled alone or if he had spent more time preparing for trial.

Wright criticizes his trial counsel for not contacting an expert on the size of marijuana plants or their growing season, but he never offered any evidence to show that contacting such an expert would have led to a different result. Wright attacks his former counsel for not asking Thurston Wright about the marijuana plants, for not talking to the alleged owners of the plants and for not talking to other persons present when the plants were seized, but Wright failed to offer evidence or otherwise demonstrate to the Court how doing so would have led to a different result. The same can be said for Wright's complaint that his trial counsel failed to ask him to take pictures of the area where the plants were seized. Wright attacks trial counsel for not having pictures of a "no trespassing" sign, but he failed to demonstrate why having such a photograph would have led to a different result. There was evidence presented of the sign at the suppression motion.

Although the evidence was conflicting on exactly what trial counsel discussed with the defendant's wife before she testified at trial or exactly what he knew of her testimony, it is irrelevant. For reasons hereinafter set forth, Wright was found guilty based upon the evidence presented by the Commonwealth. Mrs. Wright's testimony certainly incriminated the defendant, but it was not essential to the finding of guilt. Even if trial counsel did err under the "reasonableness" prong of *Strickland*, there is no reasonable probability under the "prejudice" prong that the result would have been different.

The parts of the transcripts of the trial containing evidence to which trial counsel should have objected per Wright's argument have been examined. In none of the parts cited can I find that I would have sustained the objection which Wright argues should have been interposed. The most important of which is Officer Oliff's expert testimony about personal use and amounts of marijuana. This testimony was properly admitted under the rationale of *Llamera* v. *Commonwealth*, 243 Va. 262 (1992), and *Davis* v. *Commonwealth*, 12 Va. App. 728 (1991). Wright argues that his trial counsel should have moved to suppress the gun seized at his trailer and objected to its admission into evidence at trial. If his argument is that the gun was not a "firearm," then I am not persuaded for reasons stated below. If there were other reasons for suppressing the gun or not admitting it into evidence, then Wright has not brought them to the attention of the Court. It certainly is not *per se* unprofessional error not to move to suppress or fail to object to crucial evidence. Further, here again, Wright has failed to show prejudice, i.e. a different result, because the gun came into evidence. Officer Oliff clearly testified about the guns he saw in Wright's trailer. Having the gun itself admitted into evidence was not crucial to the Commonwealth's case.

Wright's trial counsel did appear to argue at trial as if he had been charged with a distribution offense. However, trial counsel did say that his argument was addressed to the "not for his own use" element of the drug offense. As such, I cannot say that he was plainly mistaken as to the law. He acknowledged the difference when it was brought to his attention at trial. Even if this were unprofessional error under the "reasonableness" prong of *Strickland*, Wright has not cited to the Court any other authority that would have helped him receive a different result. Having Mrs. Wright testify as part of an alleged mistaken no-

tion of the law did not prejudice Wright because he was not convicted because of her testimony.

Trial counsel's arguing a motion to suppress in the context of a motion to strike after the Commonwealth rested may not have been proper, but even if a proper motion to strike had been made, it would still have been denied. Trial counsel's failure to renew the motion to strike at the end of all the evidence may be professional error, but again Wright has shown no prejudice thereby. Having this Court rule on this motion has the same practical effect as the motion to strike. If Wright's argument is based on an appellate rule that a defendant must move to strike at the end of all the evidence if he wants the appellate court to review the sufficiency of the evidence, then this Court is not in a position to determine prejudice because (1) he has not been denied an appeal on that ground and (2) Rule 5A:18 can allow an appeal on a ruling not previously objected to for good cause shown or to attain the ends of justice.

The most important parts of the ineffective assistance of counsel claim involve Wright's waiver of a jury trial, there being no motion to sever the two cases and Wright's not testifying. Each is addressed below.

The least significant of the three is the failure of Wright to testify. Of course, the exercise by the defendant of his right not to testify cannot be considered by the trier of fact. Wright knew that he could testify if he had wanted, but he says that his trial counsel decided that he should not testify. Wright abided by that decision. In doing so, he exercised a constitutional right given him. In such a case, he must clearly show that he was prejudiced by not testifying. The Commonwealth must prove his innocence beyond a reasonable doubt. Wright was not required to produce any evidence. He has offered absolutely no evidence or any other argument that his testifying would have led to a different result. Wright is now a convicted felon. His credibility would have been so attacked if he had testified. No evidence was presented as to what Wright would have said if he had testified.

Under Section 19.2–257 a defendant must be advised by counsel before he consents to waive a jury trial. His waiver must be voluntarily and intelligently given. Trial counsel spent little time with Wright discussing the jury waiver. Trial counsel recommended a bench trial but did not tell Wright why. Wright went along with the waiver because he felt trial counsel knew what he was doing. However, Wright

was fully aware that he was entitled to a jury trial in both cases. He did not ask trial counsel any questions about waiving a jury. On three separate occasions Wright stated to the Court that he waived a jury, on December 15, 1992, as to the marijuana charge, on February 9, 1993, as to the firearm charge, and again on March 26, 1993, just before trial, as to both charges.

Trial counsel did not discuss with Wright the possible advantages versus the disadvantages of either a jury or a bench trial under Virginia law.

It is somewhat unclear just exactly what is the nature of the attack on the defendant's waiver of a jury trial. It seems that he claims not only that his jury waiver was not given voluntarily and intelligently, but also that trial counsel rendered ineffective assistance in advising him to waive a jury. They are two distinct considerations.

As to an alleged involuntarily and unintelligently given jury waiver, Wright has offered no evidence that he was compelled or coerced or deceived by trial counsel into waiving a jury against his wishes. Also, he was certainly aware that he could have had his cases tried with a jury, but he waived the right three times in open court. He never indicated that he did not understand any questions asked of him by the Court when he waived his right to a jury trial on March 26, 1993. There is no indication that Wright did not know what it meant to be tried by a jury. Wright voluntarily and intelligently waived a jury trial. He knew that a judge, as opposed to a jury, would decide his cases.

Even assuming that trial counsel's advice to waive a jury was ineffective assistance of counsel, Wright has offered nothing to show that he would have gotten a different result if he had been tried with a jury. He has presented nothing to show that a jury would have probably (within a reasonable probability) found him not guilty of either or both charges. Any finding that a jury would have fixed a sentence lesser than this judge might impose after a bench trial would be pure speculation. Wright has not even been sentenced yet for the drug and firearms convictions. For all the above reasons, Wright has failed to show that he was prejudiced by waiving a jury in the two cases tried on March 26, 1993.

Because Wright was not prejudiced by waiving a jury there can be no prejudice to him for trial counsel's failure to move for severance of the two cases for trial. Any prejudice to Wright in having the two cases tried together could only have occurred if he had been tried by a jury.

## II. *Sufficiency of the Evidence*

As to the charge of possession with intent to manufacture marijuana, Wright argues that he cannot be found guilty where all the elements of the offense do not apply to him as either a principal in the first degree or a principal in the second degree. He argues that absent the "going off probation" marijuana party testimony of his wife, the evidence merely shows the presence of 4.04 ounces of marijuana on property over which he had dominion and control. Wright does not argue that he did not know that the marijuana was a controlled substance or that he was unaware of the presence and character of the plants.

Wright argues that the intent to manufacture element cannot be applied to him as a principal in the first degree because the plants belonged to other persons. He confuses ownership with possession. The plants were found by the Court to have belonged to others, but they were located on property over which Wright exercised dominion and control. The Commonwealth's theory, which is supported by the evidence, is that Wright as a principal in the first degree possessed marijuana plants that were not fully grown with the intent to grow and ultimately harvest them. The intent to manufacture is further supported by the amount being inconsistent with an amount for personal use, the scales, the box with the marijuana leaf-like emblem thereon, the clear plastic bags with what Officer Oliff testified to as appearing to him in his experience to be marijuana and marijuana seeds, and similar bags found in the kitchen. Further, Wright admitted to Officer Oliff that he was aware of the marijuana plants and that he allowed others to use his trailer not only to process the drug and also to use his property to grow the plants. Such admissions alone would prove Wright guilty as a principal in the second degree.

As to the finding of guilt of possessing a firearm after having been convicted of a felony, Wright argues that the gun taken from his trailer by Officer Oliff did not fall within the statutory definition of a "firearm" under Section 18.2–308.2:2. Wright was charged under Section 18.2–308.2. The statute cited by him concerns the criminal history record check required for the transfer of certain firearms, and it has nothing to do with the charge against Wright. Section 18.2–308.2 does not define "firearm." A firearm is a weapon which could shoot a projectile by force of an explosion. The weapon admitted into evidence which was taken from the defendant's trailer clearly by sight and observation of this judge is a firearm. Wright offered no evidence to

counter the Commonwealth's evidence that it was a firearm. Even if the weapon had not been introduced into evidence the testimony of Officer Oliff describing not only the weapon but also the other "long guns" found in the trailer is sufficient to prove the "firearm" element of the offense.

### III. *Order*

The Clerk will prepare an order denying the Motion to Set Aside the Verdict in Criminal No. 8336 and 8450, and continuing all three cases to June 4, 1993, at 8:30 A.M. for further scheduling.