475 S.E.2d 853

**Katina Lynn ZELENAK**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1816–94–3.**

Court of Appeals of Virginia,
Salem.

Sept. 24, 1996.

Annunziata, J., concurred in part and dissented in part with opinion.

Frederick M. Kellerman, Jr., Blacksburg (Long & Long, on brief), for appellant.

Daniel J. Munroe, Assistant Attorney General (James S. Gilmore, III, Attorney General; Leah A. Darron, Assistant Attorney General, on brief), for appellee.

Present: BENTON, ELDER and ANNUNZIATA, JJ.

BENTON, Judge.

Katina Lynn Zelenak was convicted of attempted robbery, use of a firearm during the attempted robbery, and conspiracy to commit robbery. She contends the trial judge erred by refusing to allow expert testimony concerning her duress defense, refusing to admit the statement of an alleged co-conspirator, and permitting the Commonwealth to use a competency report to impeach her. For the reasons that follow, we reverse her convictions and remand for a new trial.

## I.

At 2:00 a.m., a manager of a pizza restaurant was making a night deposit at a bank when a man with a gun approached him. After the gunman said, "Hold it," the manager jumped into his vehicle and called the police on his cellular telephone. A vehicle then entered the bank parking lot, continued to the back of the bank where the gunman had run, and sped away. As the manager followed the automobile, the police arrived and stopped the automobile. The police arrested the driver, Katina Zelenak, and the two men with her, William Smith, the gunman, and Paul Morehead. Zelenak and the two men were indicted for attempted robbery, use of a firearm during the attempted robbery, and conspiracy to commit robbery.

On motion of Zelenak's counsel prior to trial, the trial judge ordered Zelenak to undergo a psychological analysis to determine her competency to stand trial. Zelenak also filed a notice of intent to present an insanity defense. Later, after Zelenak withdrew the notice of intent to present an insanity defense, the Commonwealth moved *in limine* to prohibit the testimony of Gwynn Polidoro, a licensed clinical social worker. The Commonwealth argued that Polidoro's testimony would be offered by Zelenak as proof of an ultimate issue of fact because it addressed Zelenak's state of mind at the time of the offense. Defense counsel responded that Polidoro would testify that Zelenak suffers from multiple personality disorder, a dissociative disorder that resulted from traumatic stress,

which made her "susceptible to duress." The trial judge deferred ruling on the motion until trial.

Zelenak's defense at trial was that she participated in the crimes out of fear that Morehead would kill her or a member of her family. At trial, the judge granted the Commonwealth's motion to exclude Polidoro's testimony and then allowed defense counsel to proffer the expert's testimony. At the conclusion of the evidence, the jury convicted Zelenak on all three charges.

## II.

"The common law defense of duress excuses acts which would otherwise constitute a crime, where the defendant shows that the acts were the product of threats inducing a reasonable fear of immediate death or serious bodily injury." *Pancoast v. Commonwealth*, 2 Va.App. 28, 33, 340 S.E.2d 833, 836 (1986).

> "To support a defense of duress, a defendant must demonstrate that [her] criminal conduct was the product of an unlawful threat that caused [her] reasonably to believe that performing the criminal conduct was [her] only reasonable opportunity to avoid imminent death or serious bodily harm, either to [her]self or another."

*Daung Sam v. Commonwealth*, 13 Va.App. 312, 324, 411 S.E.2d 832, 839 (1991).

Defense counsel claimed that Zelenak's mental state rendered her susceptible to domination and intimidation. Arguing that it concerned an ultimate issue in fact, the Commonwealth opposed admission of the expert's testimony. In his ruling, the trial judge did not explicitly state why he refused to allow the testimony.

An expert witness "may not express an opinion as to the ultimate issue to be determined by the trier of fact." *Price v. Commonwealth*, 18 Va.App. 760, 764, 446 S.E.2d 642, 645 (1994). Contrary to the Commonwealth's assertion, however, the proffer did not imply that the testimony was offered

to establish a diminished capacity defense, *see Jenkins v. Commonwealth*, 244 Va. 445, 456, 423 S.E.2d 360, 367 (1992), *cert. denied*, 507 U.S. 1036, 113 S.Ct. 1862, 123 L.Ed.2d 483 (1993), or was intended to be a comment upon Zelenak's credibility. *See Coppola v. Commonwealth*, 220 Va. 243, 252–53, 257 S.E.2d 797, 804 (1979), *cert. denied*, 444 U.S. 1103, 100 S.Ct. 1069, 62 L.Ed.2d 788 (1980).

To determine if Zelenak acted under duress, the jury had to determine if Zelenak "reasonably feared that [her] refusal to participate in the [crimes] ... would have resulted in imminent death or serious injury to [her] family." *Daung Sam*, 13 Va.App. at 324, 411 S.E.2d at 839 (1991)(emphasis omitted). The proffer by defense counsel reveals that the expert would have provided information concerning Zelenak's past experiences and overall mental condition relevant to that inquiry. Defense counsel proffered, in part, as follows:

> If [Ms. Polidoro] was to testify she would observe that Mrs. Zelenak has revealed abuse and exposure to violence from the time she was a child unto her arrest. That she has a series of intense, but unstable relationships. That she has repeatedly looked for a rescuer for someone who would love her and has repeatedly failed to protect herself as an adult.... She has a reported sense of helplessness and lack of initiative saying she has difficulty making decisions. In her most recent relationship with [Morehead], she became very attached to him almost immediately. She has revealed mixed, revealed episodes of violent sexual exploration, humiliation mixed with feelings of specialness.... She idolizes him on one point and seems to be very afraid of him on the other. In my opinion, she got to the point where she believed escape from him or disobedience would result in her death or death of a family member.

This testimony would have explained circumstances and factors from which a jury might have found a basis to believe Zelenak was susceptible to intimidation and manipulation. Such a finding would have tended to establish her defense of duress. Although the expert could not have testified that Zelenak actually feared Morehead during the commission of

the offenses or that her fear was reasonable, the majority of the proffer concerned Zelenak's overall mental condition and past experiences related to manipulation and intimidation. Such evidence could have provided a basis for the jury to believe that Zelenak acted because of a reasonable fear of Morehead.

To prove duress, the fear must be well grounded. *Pancoast,* 2 Va.App. at 33, 340 S.E.2d at 836. *See also State v. Ellis,* 232 Or. 70, 374 P.2d 461, 466 (1962). In Virginia, appellate courts have reviewed the defense of duress in criminal cases relatively few times. However, an accused must also prove a reasonable fear to successfully assert the defense of duress. For duress or self-defense, " '[w]hat reasonably appeared to the accused at the time of the shooting, as creating the necessity for his act, is the test and not what reasonably appeared to him, provided it would so appear to some other reasonable person under similar circumstances.' " *McGhee v. Commonwealth,* 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978) (citation omitted). Consequently, in ascertaining whether the accused acted out of a subjectively reasonable fear, past experiences and mental condition may be relevant in determining what compelled the accused to commit the offense. Indeed, in the civil context, the Supreme Court has stated that the question of duress "is to be determined on consideration of the surrounding circumstances. such as age, sex, capacity, situation, and relation of the parties." *Jacobs v. Jacobs,* 218 Va. 264, 267, 237 S.E.2d 124, 126 (1977).

In this case, where the defense claimed Zelenak had been abused previously, the jury, upon proper evidence, might have found that she reasonably believed that a failure to commit the offenses could result in death or serious injury. Therefore, the trial judge erred in refusing to admit the relevant and probative portions of Polidoro's testimony that would have explained Zelenak's susceptibility to duress. *See Hetmeyer v. Commonwealth,* 19 Va.App. 103, 110, 448 S.E.2d 894, 899 (1994). If this evidence had been admitted, the jury would still have had to decide if Zelenak acted out of a reasonable fear of Morehead.

### III.

■ Prior to Zelenak's testimony in her defense, her counsel moved to prohibit the Commonwealth from cross-examining Zelenak concerning statements made by her during the competency evaluation. The defense claimed the questioning would establish Zelenak's state of mind at the time of the offense, in violation of Code § 19.2–169.7. The Commonwealth argued that the evaluation would be used for impeachment purposes only. Because the court reporter changed tapes when the trial judge ruled, the transcript does not contain the ruling on this issue. The record was not supplemented to provide the basis of the trial judge's ruling.

After Zelenak testified in her own defense, the Commonwealth called Zelenak as a rebuttal witness and asked whether she told psychologists that her family physically and sexually abused her. The trial judge overruled defense counsel's objections to this question and other questions specifically addressing abuse by her father and brother.

On rebuttal, the Commonwealth asked Zelenak whether she told psychologists that her father and brother sexually abused her. Prior to this question, when asked if there was, "Some reason you don't like [your family] or wouldn't care whether anything happened to them," she responded, "No, I love my family very much."

The statute at issue reads as follows:

No statement or disclosure by the defendant concerning the alleged offense made during a competency evaluation ordered pursuant to § 19.2–169.1, a mental state at the time of the offense evaluation ordered pursuant to § 19.2–169.5, or treatment ordered pursuant to § 19.2–169.2 or § 19.2–169.6 may be used against the defendant at trial as evidence or as a basis for such evidence, except on the issue of his mental condition at the time of the offense after he raises the issue pursuant to § 19.2–168.

Code § 19.2–169.7.

Zelenak admits that the questions did not directly relate to the offense but claims they are irrelevant and highly prejudi-

cial. Code § 19.2–169.7 explicitly refers to statements "concerning the alleged offense"; it does not bar irrelevant or highly prejudicial statements. In view of Zelenak's concession that the questions did not directly relate to the offense and in the absence of a record of the trial judge's ruling, which is presumed to be correct, *Justis v. Young,* 202 Va. 631, 632, 119 S.E.2d 255, 256–57 (1961), we have no basis to resolve this issue in her favor.

## IV.

At trial, Zelenak attempted to call James Bane as her witness to testify about a statement Morehead made concerning the offenses while in jail. Defense counsel characterized the statement as an admission against Morehead's interest and also contended the statement was made in furtherance of the conspiracy. The trial judge ruled that the conspiracy ended prior to the uttering of the statement and that the statement was inadmissible hearsay.

Counsel's argument and the trial judge's ruling focused upon whether the hearsay statement constituted a statement made in furtherance of a conspiracy or an admission against interest. The hearsay exception for statements made in furtherance of the conspiracy does not apply to declarations made after the conspiracy has ended or "for the purpose only of covering up after the crime." *United States v. Serrano,* 870 F.2d 1, 8 (1st Cir.1989).

The record on appeal, however, does not disclose the content of the statement Morehead may have made to Bane. "It is well settled that when a party's evidence has been ruled inadmissible, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible." *Smith v. Hylton,* 14 Va.App. 354, 357–58, 416 S.E.2d 712, 715 (1992). Without any indication in the record of the content of Morehead's statement, we have no basis to decide this issue.

Because the trial judge erred in refusing to allow expert testimony relevant to Zelenak's defense of duress, we reverse the convictions and remand for a new trial.

*Reversed and remanded.*

ANNUNZIATA, Judge, concurring in part, and dissenting in part.

I concur in the opinion of the majority with the exception of Section II, from which I dissent.

An expert witness may express an opinion relative to the existence or nonexistence of facts not within common knowledge, but "the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the function of the fact finder." *Llamera v. Commonwealth,* 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992). In *Llamera,* the Supreme Court held that the trial court erred in allowing an expert witness to state that ninety-three grams of cocaine packaged in a number of separate plastic "baggies" had been "packaged that way for distribution" and that the quantity of cocaine found "would suggest that the owner of the cocaine was a person who sold cocaine." *Id.* The Court reversed Llamera's conviction for possession with intent to distribute, reasoning that the expert expressed an opinion on one of the ultimate issues, *viz.,* intent to distribute. *Id.* at 265, 414 S.E.2d at 599. The Court did not accept the Commonwealth's contention that the expert's use of the word "suggest" was a qualification, not a statement of fact. *Id.* at 264–65, 414 S.E.2d at 598–99. *See also Bond v. Commonwealth,* 226 Va. 534, 536–39, 311 S.E.2d 769, 770–72 (1984) (trial court in murder case erred in admitting report of medical examiner which ruled out possibility that victim's death resulting from a four-story fall was caused by either accident or suicide); *Ramsey v. Commonwealth,* 200 Va. 245, 249–52, 105 S.E.2d 155, 158–60 (1958) (trial court erred in allowing expert in arson case to conclude, based upon set of hypothetical facts, that fire was of incendiary origin).

In the present case, appellant asserted the defense of duress. Accordingly, whether appellant acted under duress

was the "precise and ultimate issue in the case," upon which expert opinion could not be expressed. *See Cartera v. Commonwealth,* 219 Va. 516, 519, 248 S.E.2d 784, 786 (1978) (reversing rape conviction where medical expert allowed to express opinion that victims had been raped).

> To support a defense of duress, [appellant had to] demonstrate that [her] criminal conduct was the product of [Morehead's] unlawful threat that caused [her] reasonably to believe that performing the criminal conduct was [her] only reasonable opportunity to avoid imminent death or serious bodily harm, either to [her]self or another.

*Daung Sam v. Commonwealth,* 13 Va.App. 312, 324, 411 S.E.2d 832, 839 (1991).

Appellant proffered that her psychologist would testify, *inter alia,* that appellant suffered from a disorder which made her "susceptible to duress" and that "[appellant] got to the point where she believed escape from [Morehead] or disobedience would result in her death or death of a family member." In my opinion, the proffered testimony expresses an opinion on the precise and ultimate issue in this case and was, therefore, properly excluded by the trial court.

Accordingly, I would affirm the decision of the trial court.