COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


RICKY DEWAYNE ROGERS

v.    Record No. 2269-96-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE NELSON T. OVERTON
OCTOBER 7, 1997


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

B. Thomas Reed for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Ricky DeWayne Rogers (defendant) was convicted by a jury of the murder, rape, robbery, credit card theft, and credit card fraud of Grace Payne (victim).  On appeal, defendant presents two arguments for consideration: 1) the trial court erred by allowing a witness to identify defendant in an ATM videotape and 2) the evidence is insufficient as a matter of law to support the convictions.  For the reasons that follow, we affirm the decision of the trial court on both issues.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

"We will review the evidence and all reasonable inferences fairly deduced therefrom in the light most favorable to the

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Commonwealth, the prevailing party below." Lee v. Commonwealth, 253 Va. 222, 223, 482 S.E.2d 802, 803 (1997).

Defendant contends that the trial court erred when it allowed Mr. O'Connor, the victim's fiancé and defendant's co-worker, to identify defendant in a videotape taken at an ATM when the victim's stolen credit card was used. His contention is twofold. First, he argues that Mr. O'Connor is a lay witness and, therefore, his identification of defendant in the videotape should not have been allowed. However, identification of a person has long been "considered a matter of fact" and well within the competence of a witness familiar with the subject to testify. See 2 Charles E. Friend, The Law of Evidence in Virginia § 17-10, at 21 (4th ed. 1993) ("The scarcity of case law on the point is probably due to a general failure to regard identification as an opinion problem.").

One of the few cases addressing this "problem" is Jordan v. Commonwealth, 66 Va. (25 Gratt) 625 (1874). In that case, a witness was given the description of two men alleged to have recently perpetrated a robbery. The witness then searched for and found two men matching the description given to him. Upon examination at trial, the witness testified that the men matched the description. Defense counsel alleged error in this testimony, claiming that the witness should have simply recited the description and let the jury decide for themselves whether the defendants fit it. On appeal, the Supreme Court of Virginia

2

held that "upon questions of identity it is competent to the witness to give his opinion." Id. at 626. Even though the Supreme Court characterized the testimony as "opinion" rather than "fact" the result is the same; a witness may identify a person from a description, or, as in the instant case, a videotape, and that identification may be considered by the finder of fact.

Additionally, defendant invites us to hold that his identification in the videotape was "the precise or ultimate fact in issue, which must be left to the jury . . . for determination." Webb v. Commonwealth, 204 Va. 24, 33, 129 S.E.2d 22, 29 (1963). He reasons that because one of the crimes of which he was convicted was credit card fraud, and Mr. O'Connor testified that defendant was the person making the ATM transaction in the videotape, this testimony went to an ultimate issue of fact. We disagree.

While it is true that "the admission of expert opinion upon an ultimate issue of fact is impermissible because it invades the function of the fact finder," Llamera v. Commonwealth, 243 Va. 262, 264, 414 S.E.2d 597, 598 (1992) (citations omitted), Mr. O'Connor's testimony did not implicate such an issue. The court in Llamera concluded that when the prosecution was seeking to prove possession of cocaine, the statutory elements of the offense "were the ultimate issues of fact to be resolved by the jury." Id. at 265, 414 S.E.2d at 599. This holding follows a

long line of previous cases which have found that the elements of a crime or cause of action constituted its "ultimate issues". See, e.g., Bond v. Commonwealth, 226 Va. 534, 539, 311 S.E.2d 769, 772 (1984) (whether death was suicide, accident, or homicide was an ultimate issue of fact); Webb v. Commonwealth, 204 Va. 24, 32-33, 129 S.E.2d 22, 29 (1963) (whether effect of two deposit slips was to replace converted funds was an ultimate issue of fact); Ramsey v. Commonwealth, 200 Va. 245, 250-51, 105 S.E.2d 155, 159 (1958) (whether a fire was incendiary or accidental was an ultimate issue of fact); Jenkins v. Commonwealth, 22 Va. App. 508, 517, 471 S.E.2d 785, 790 (1996) (en banc) (whether the victim had been sexually abused was the ultimate issue of fact where the defendant was charged with aggravated sexual battery), rev'd on other grounds, Jenkins v. Commonwealth, No. 961459 (Va. Sept. 12, 1997).

None of the elements of Code § 18.2-193[1] were testified to by Mr. O'Connor. Mr. O'Connor simply testified that the person in the videotape appeared to be the defendant. He did not

---

[1] Code § 18.2-193 states that a person is guilty of credit card fraud when:

> (c) He, not being the cardholder or a person authorized by him, with intent to defraud the issuer, or a person or organization providing money, goods, services or anything else of value, or any other person, forges a sales draft or cash advance/withdrawal draft, or uses a credit card number of a card of which he is not the cardholder, or utters, or attempts to employ as true, such forged draft knowing it to be forged.

4

testify that defendant used the victim's credit card, had the intent to defraud, or to any other element of the offense. Accordingly, we hold that Mr. O'Connor's testimony did not implicate an ultimate issue of fact and the trial court did not err by allowing his testimony.

Finally, defendant asks that this Court find, as a matter of law, that the evidence is insufficient to support his convictions. It is true that the case against him is circumstantial, but even convictions based on circumstantial evidence will be upheld on appeal as long as "all necessary circumstances [are] consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citations omitted). Whether defendants' explanations are "reasonable hypotheses of innocence" is a question of fact and will not be disturbed upon appeal unless plainly wrong. See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

In light of these principles we find that the record contains sufficient evidence to support defendant's convictions; there was a wealth of physical evidence that, while not conclusive, pointed towards defendant; he had both motive and opportunity to commit the crime, and he was seen with the fruits of the robbery subsequent to its commission. The jury was free to find from this and all other relevant evidence that defendant

5

was guilty, and we will not displace that finding.

The decision of the trial court is accordingly affirmed.

<u>Affirmed.</u>