COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Malveaux and Causey

PHAEDRA BATES SCHREINER

v.     Record No. 0917-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 4, 2022

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Fredrick Watson, Judge

(Joseph A. Sanzone; Sanzone & Baker, L.L.P., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant
Attorney General, on brief), for appellee.

The trial court convicted appellant of driving while intoxicated, in violation of Code

§ 18.2-266. On appeal, appellant contends that the evidence is insufficient to support her

conviction and that the trial court erred when it allowed a police officer to testify as an expert. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

We affirm the trial court's decision.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On August 19, 2020, Fleming Taylor departed a mechanic's shop in Boonsboro. While driving she observed a vehicle, driven by appellant, swerving back and forth "from the turning lane to the regular driving lane." Taylor passed appellant but continued to observe appellant in her rearview mirror. Appellant continued to drift in-between lanes and almost rear-ended Taylor more than once. As Taylor and appellant merged onto the expressway, appellant, now in front of Taylor, went up onto the curb then swerved into oncoming traffic as a tractor trailer approached. Appellant swerved back in front of Taylor in time to avoid a head-on collision. Taylor called police dispatch.

Taylor followed appellant until they arrived at a Smoothie King restaurant. When police arrived, Taylor identified appellant's car as the vehicle that had been swerving across the road. Taylor testified that appellant was the driver, and that no other person exited the vehicle while she waited for police to arrive at Smoothie King.

Lynchburg Police Officer Mike Bauserman was dispatched to Smoothie King at 2:10 p.m. When he arrived, he saw the reported vehicle in the drive-thru line. After briefly talking with Taylor, who had parked behind appellant in the drive-thru, Officer Bauserman approached appellant and explained that dispatch had received a complaint about her driving behavior. Appellant stated that "she was very hungry and wanted to get a smoothie." Officer Bauserman asked if she was diabetic, to which she responded "no." During the exchange, appellant removed her sunglasses and Officer Bauserman observed that her eyes were extremely glassy, bloodshot, and looked puffy as if she had been crying. When asked if she had been drinking or using any substances, appellant stated that "she woke up thirty minutes ago and wanted a Smoothie King." He asked her if she had been crying and appellant responded that she preferred not to answer the question. Unprompted, appellant stated that she had just found out her boyfriend had cheated on her.

While appellant sat in her vehicle, Officer Bauserman performed a brief horizontal gaze nystagmus test. He noticed that appellant had difficulty keeping her head steady while she followed his finger with her eyes. During the test, appellant initially stated that she last consumed alcohol around 8:00 p.m. the evening before but later stated that her last drink was around 9:30 p.m. Appellant then offered to sit in her vehicle for three hours and drink her smoothie before driving again.

Officer Bauserman asked appellant to pull her car out of the drive-thru line and into an empty parking space. Appellant did not listen to Officer Bauserman's instructions and struck the curb twice. When appellant could not perform the maneuver, Officer Bauserman asked her to turn off the vehicle, step out, and hand him the keys. Officer Bauserman testified that appellant had difficulty unbuckling her seatbelt and standing outside of the vehicle.

Officer Bauserman testified that he had over eighty hours of field sobriety test training. He affirmed that he had specific training with intoxicated driving and the performance of standard and non-standard field sobriety tests and had worked over 110 driving impairment cases in his 21-year career. The Commonwealth moved for Officer Bauserman to be qualified as an expert in the administration of field sobriety tests. Appellant objected, arguing that Officer Bauserman could not testify as to what caused appellant's poor performance on the field sobriety tests. Appellant conceded that Officer Bauserman could be qualified as an expert in field sobriety test administration. Over appellant's objection, the trial court qualified Officer Bauserman as an expert and allowed him to testify as to causation.

Once appellant was outside the vehicle, Officer Bauserman performed an involuntary eye movement test. He testified that appellant had considerable eye movement. He then asked appellant to complete the nine-step walk and turn test. Appellant was not able to maintain the instructional stance and had trouble balancing. During the test she used her arms for balance, did

not touch heel to toe, and took ten steps instead of nine. Officer Bauserman testified that these were all indicators of impairment. Officer Bauserman then had appellant stand on one leg. She had difficulty following instructions, raised her foot immediately, used her arms for balance, and counted incorrectly. Finally, Officer Bauserman administered a nonstandard test. He requested that she say the alphabet from A to Z without singing it. Appellant said the alphabet, but she repeated "O, P" before proceeding normally through the rest.

Given the multiple indicators of impairment, Officer Bauserman offered appellant a preliminary breath test and placed her under arrest at 2:32 p.m. At the magistrate's office, appellant submitted a breath sample test, and the results showed a BAC of .06.

On cross-examination Officer Bauserman agreed that appellant was cooperative during the stop. He also acknowledged that people have different physical capabilities and that he was not familiar with appellant, had never given her a field sobriety test before, and did not know what her sober baseline would be. Officer Bauserman further acknowledged that he had not seen appellant's driving behavior until he asked her to back her car out of the drive-thru line and into a parking space.

Upon the conclusion of the Commonwealth's evidence, appellant moved to strike, arguing that the evidence was insufficient to convict her of driving while intoxicated. The trial court denied the motion.

Appellant testified in her own defense. She disagreed with Taylor's characterization of her driving. Appellant revealed that her previous boyfriend had attempted to kill her and because of that experience she had been diagnosed with PTSD. She testified that when Officer Bauserman unexpectedly knocked on her window her emotions were magnified, and she became extremely uncomfortable. She admitted that she had been crying in her car before speaking with Officer Bauserman. She stated that English is not her first language, and that she had difficulty both

understanding Officer Bauserman's instructions and saying the alphabet. On cross-examination, appellant admitted that she drank tequila shots as well as drinks mixed with tequila on an empty stomach before she fell asleep at 3:00 a.m. on the morning of the incident. She explained that she was drinking into the early morning because she was upset upon learning that her boyfriend had slept with a co-worker.

After the defense rested its case, appellant incorporated a renewed motion to strike within her closing argument. Appellant argued that anyone surprised by an officer at their window would be nervous and perform poorly on any tests they may be given. This fact coupled with appellant's PTSD, she argued, caused her to perform poorly on the field sobriety tests. Appellant was also distraught by the recent discovery of her boyfriend's infidelity and had been crying in her vehicle before Officer Bauserman appeared. Additionally, she argued that the Commonwealth did not offer any evidence that she could physically perform any of the movements that Officer Bauserman requested of her. Finally, appellant argued that Taylor's characterization of her driving was incorrect and should not be believed.

The trial court made certain factual findings before pronouncing its verdict, noting that it was required to consider the totality of the circumstances. The trial court found that Taylor and Officer Bauserman were credible. Appellant had swerved in the traffic lanes several times, including into oncoming traffic, struck at least one curb, and almost collided with the rear of Taylor's vehicle. Appellant's eyes were extremely glassy and bloodshot. When Officer Bauserman asked appellant to move her vehicle from the drive-thru lane to a parking spot, she hit a curb. She then had trouble exiting her vehicle and standing. Appellant performed poorly on all three standardized field sobriety tests. The court convicted appellant of driving under the influence and sentenced her to 30 days, with all 30 days suspended for a period of 12 months, and imposed a $250 fine. This appeal follows.

ANALYSIS

I.

Appellant argues that there is a reasonable hypothesis that her behavior was a result of something other than alcohol. Officer Bauserman never observed her drink any alcohol, nor did he smell the odor of alcohol about her person. Instead, he noticed that her eyes were glassy and puffy as if she had been crying. Appellant had, in fact, been crying and was upset because of her boyfriend's infidelity. When Officer Bauserman approached appellant, her PTSD induced her anxiety. Her distraught demeanor and her PTSD, she argues, caused her poor performance on the field sobriety tests. Because there is an equally likely explanation for her behavior, she argues the Commonwealth failed to prove its case.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"The fact finder, who has the opportunity to see and hear the witnesses, has the *sole* responsibility to determine their credibility, the weight to be given their testimony, and the

inferences to be drawn from proven facts." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (quoting *Taylor v. Commonwealth*, 256 Va. 514, 518 (1998)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal [her] guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

"The 'reasonable hypothesis of innocence' concept is also well defined. The Commonwealth need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "It is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Id.* (quoting *Pijor*, 294 Va. at 512). "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with [her] innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (second alteration in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). "By finding [a] defendant guilty, therefore, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Id.* (quoting *Haskins*, 44 Va. App. at 9). "While a factfinder may not arbitrarily disregard a reasonable doubt, whether 'the hypothesis of innocence is reasonable is itself a "question of fact," subject to deferential appellate review.'" *Burton v. Commonwealth*, 58 Va. App. 274, 285-86 (2011) (quoting *Clanton v. Commonwealth*, 53 Va. App. 561, 572-73 (2009) (*en banc*)).

"It shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." Code § 18.2-266(ii).

> If there was at that time in excess of 0.05 percent but less than 0.08 percent by weight by volume of alcohol in the accused's blood or 0.05 grams but less than 0.08 grams per 210 liters of the accused's breath, such facts shall not give rise to any presumption that the accused was or was not under the influence of alcohol intoxicants at the time of the alleged offense, but such facts may be considered with other competent evidence in determining the guilt or innocence of the accused.

Code § 18.2-269(A)(2).

Because the trial court found appellant guilty, it is assumed the trial court "found by a process of elimination that the evidence does not contain a reasonable theory of innocence." *Edwards*, 68 Va. App. at 301 (quoting *Haskins*, 44 Va. App. at 9). Additionally, the record establishes that the trial court considered appellant's hypothesis of innocence. The court noted that appellant's "eyes were extremely glassy and bloodshot and . . . that she was crying or had been crying at the time and that could be an alternative explanation" for her driving behavior. Ultimately, the trial court disregarded that hypothesis because it found the testimony of Taylor and Officer Bauserman to be more credible than appellant's testimony. Because the trial court considered appellant's hypothesis and rejected it, we will only reverse the trial court's decision to convict appellant if it is "plainly wrong or without evidence to support it." *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (*en banc*) (quoting *Davis v. Commonwealth*, 39 Va. App. 96, 99 (2002)).

Considering all the evidence in the light most favorable to the Commonwealth, there is no basis to disturb the trial court's verdict. The trial court heard testimony that appellant was swerving in-between her lanes of travel and into oncoming traffic. While driving, appellant hit the curb at least once and almost rear-ended Taylor. Officer Bauserman observed appellant run onto a curb when she attempted to exit the drive thru. When appellant exited the vehicle, she

- 8 -

fumbled with her seatbelt and had difficulty standing. While performing the standard field sobriety tests, appellant had difficulty balancing, did not listen to instructions, and had involuntary eye movements. Finally, appellant had a BAC of .06. From this testimony, the trial court could reasonably infer that appellant was driving under the influence. For all of these reasons, we will not disturb the trial court's findings on appeal.

## II.

Appellant argues that the trial court erred by qualifying Officer Bauserman as an expert in "physiology and related fields." She argues that Officer Bauserman's training in the administration of sobriety tests is "not a substitute for proper expert testimony or a springboard to a deficient opinion on the causation of the physiological condition of a suspect, not stated to a reasonable medical certainty." Because Officer Bauserman failed to inquire about appellant's PTSD diagnosis when he stopped her, she argues that his opinion testimony was speculative and lacked a proper foundation.

The Commonwealth emphasizes that the trial court qualified Officer Bauserman as an expert in field sobriety test administration and not, as appellant claims, as an expert in physiology and related fields. The Commonwealth argues that because this assignment of error does not address any ruling the trial court made, Rule 5A:20 bars us from considering it. We agree.

An appellant's opening brief must list

> clearly and concisely and without extraneous argument, the specific errors in the rulings below—or the issue(s) on which the . . . court appealed from failed to rule—upon which the party intends to rely, or the specific existing case law that should be overturned, extended, modified or reversed. An exact reference to the page(s) of the transcript, written statement of facts, record, or appendix where the alleged error has been preserved in the trial court . . . from which the appeal is taken must be included with each assignment of error.

Rule 5A:20(c). An assignment of error is insufficient if it "does not address the findings, rulings, or failures to rule on issues in the trial court . . . from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence." Rule 5A:20(c)(2).

The record does not support appellant's assertion that the trial court qualified Officer Bauserman as "an expert in physiology and related fields." Instead, the Commonwealth offered Officer Bauserman as "an expert with regards to the field sobriety tests administration." Appellant's counsel did not object to Officer Bauserman being qualified as an expert in the administration of field sobriety tests. Instead, counsel objected to Officer Bauserman opining on what caused appellant to perform poorly on the field sobriety tests. The trial court overruled appellant's objection stating "[h]e will be allowed to offer opinions in that field." Because the Commonwealth offered Officer Bauserman as an expert in field sobriety tests administration, it is assumed "the field" the trial court referred to was field sobriety tests administration. This Court will not consider an argument that does not address the actual ruling of the trial court. *Teleguz v. Commonwealth*, 273 Va. 458, 471 (2007) (holding that "these assignments of error do not address a ruling made by the trial court and we do not consider them."). Accordingly, we need not address this issue.

Nevertheless, we note that "the admissibility of expert testimony is within the sound discretion of the trial court, and that court's decision will not be disturbed absent an abuse of discretion." *Midgette v. Commonwealth*, 69 Va. App. 362, 375 (2018) (quoting *Patterson v. Commonwealth*, 3 Va. App. 1, 11 (1986)). "[A]n expert witness 'cannot give his opinion upon the precise or ultimate fact in issue, which must be left to the jury or the court trying the case without a jury for determination.'" *Id.* at 376 (quoting *Llamera v. Commonwealth*, 243 Va. 262, 264-65 (1992)); *see also* Rule 2:704(b) (prohibiting an expert witness from testifying "on the ultimate issues of fact" in a criminal case).

Officer Bauserman testified that he had over eighty hours of field sobriety test training. He affirmed that he had specific training with regards to DUIs and the performance of standard and non-standard field sobriety tests. He attested that he had worked over 110 driving impairment cases in his 21-year career. His training and experience provided a sufficient foundation to qualify him as an expert in the administration of field sobriety tests. Thus, the trial court did not abuse its discretion when it admitted him as an expert in that field. Furthermore, Officer Bauserman never testified that alcohol caused appellant's poor performance. Instead, he testified to his observations of appellant while conducting field sobriety tests. He testified that appellant had poor balance, involuntary eye movements, and failed to follow directions during the various field sobriety tests. Based on his training and experience, these observations, he stated, were indicators that she was likely impaired. Officer Bauserman's testimony regarding appellant's inability to perform the sobriety tests did not opine about any precise or ultimate fact in issue. These observations were all facts that were personally known to Officer Bauserman and not improper expert testimony. Thus, the trial court did not abuse its discretion when it admitted and considered this testimony.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*